## HOWELL STRONG
### v.
## MONROE ·N. LORD ET AL.

1. CONTRACTS FOR SALE OF LAND—MUST BE IN WRITING.—By the Statute of Frauds, contracts for the sale of lands or any interest in them, except an interest not to extend beyond the period of one year, are required to be in writing.

2. EVIDENCE OF SUCH CONTRACTS—NOT BY PAROL—CROSS-EXAMINATION.—A witness upon cross-examination cannot, when it appears that the contract of sale was in writing, be required to state the contents of such contract, no notice having been given to produce the writing.

3. INCOMPETENT EVIDENCE.—The only evidence in this case upon which to base the decree, was that drawn from complainant upon cross-examination to the effect that he had entered into a written contract for the sale of the lands in question, and giving the contents of such contract, and this being incompetent under the rule above stated, there is nothing on which to sustain the decree.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed May 4, 1881.

Mr. E. A. CRANE and Mr. LEVI SPRAGUE, for appellant; that even if other parties were interested by private agreement with appellant in the purchase, and made him their trustee, it would be no defense to appellees, as appellant would be liable to his *cestui que trust*, cited Gibbs v. Blackwell, 37 Ill. 191; Caldwell v. Lawrence, 84 Ill. 161; Story's Eq. Pl. 276.

They would not be necessary parties; Barbour on Parties, 336; Story's Eq. Pl. 144; Corbett v. Schumacker, 83- Ill. 403; Marsh v. Green, 79 Ill. 385; Rose v. Swann, 56 Ill. 37; Scott v. Moore, 3 Scam. 306.

Courts will not adjust equities between participants in fraud:

Vandyke v. Walton, 88 Ill. 444; Upham v. Dickinson, 38 Mich. 338; Reed v. Peterson, 91 Ill. 288.

If such parties do not interplead it may be presumed the trustee represents their interests: Martin v. Dryden, 1 Gilm. 187; Story's Eq. Pl. 97.

If they were necessary parties it was error to overrule appellant's motion to amend in that respect, and allow them to disclaim: Marsh v. Green, 79 Ill. 385; Gregg v. Brower, 67 Ill. 525; Howell v. City of Peoria, 90 Ill. 104; Lewis v. Lamphere, 79 Ill. 187; Kennedy v. Kennedy, 66 Ill. 190.

Courts of equity have jurisdiction in cases like this: Story's Eq. Pl. 66; Adams' Eq. 57; Truett v. Wainwright, 4 Gilm. 418; Norton v. Hixon, 25 Ill. 440; Babcock v. McCament, 53 Ill. 215; Kennedy v. Northrop, 5 Ill. 148; Jones v. Neely, 72 Ill. 449; Lewis v. Lamphere, 79 Ill. 187.

Fraud vitiates all contracts: Allen v. Millison, 72 Ill. 201; McDonald v. Fithian, 1 Gilm. 269.

Lord was agent for appellees and acted for appellant without disclosing his agency, and appellant may rescind: Norris v. Taylor, 49 Ill. 17; Fish v. Leser, 69 Ill. 394; Mitchell v. McDougall, 62 Ill. 498; Tewksbury v. Spruance, 75 Ill. 187; Pensonneau v. Bleakely, 14 Ill. 15.

The right to rescind does not depend upon whether appellee's agent misrepresented to appellant: Eldridge v. Walker, 60 Ill. 230; Case v. Ayers, 65 Ill. 142; Whitney v. Roberts, 22 Ill. 381; Mathews v. Hamilton, 23 Ill. 470.

Appellees are bound by the acts of their agent although done without their knowledge: Noble v. Cunningham, 74 Ill. 51; Tenney v. Foote, 95 Ill. 100; Hopkins v. Snedaker, 71 Ill. 449; Wolf v. Mills 56 Ill. 360.

When fraud is charged no tender is necessary: Allen v. Millison, 72 Ill. 201; Bd. Sup'rs v. Henneberry, 41 Ill. 180; Webster v. French, 11 Ill. 254.

Mr. GEORGE C. CHRISTIAN, for appellees; that appellant must be able to restore what he has received before he can rescind, cited Cunningham v. Fithian, 2 Gilm. 650; McDonald v. Fithian, 1 Gilm. 269.

McALLISTER, P. J.   This was a bill in chancery brought in the Superior Court of Cook county, by appellant against appellees, for the purpose of obtaining a decree of that court rescinding a contract of purchase on the part of appellant, and sale on the part of certain of the appellees, of real estate situate in said county, and that restoration be made to appellant of purchase-money paid by him, on the ground that he was induced to enter into such transaction by means of fraud practiced upon him by certain of the appellees.

There was a hearing in the court below, upon bill, answers, replications and proofs, introduced on behalf of appellant, and a decree passed finding the equities with the defendants, and dismissing complainant's bill with costs.   He brings the case to this court by appeal.

The. evidence introduced on the part of the complainant below, and as to which there was no conflict, the defendants not producing any direct testimony, was in our opinion, sufficient to sustain the charge of fraud in the bill, and to justify the granting the relief prayed, so far as that branch of the case is concerned.   The counsel for appellees conceded in his argument that the evidence on the part of complainant below, standing as it did, unrebutted, proved the fraud charged in the bill, and that therefore he should not discuss that question; but sought to sustain the decree of the court below, finding the equities with the defendants, and dismissing complainant's bill on the sole ground that it appeared from complainant's own testimony that by his own acts he was not in a condition to restore to appellees the title to the premises as he received it from them, citing the cases of Cunningham v. Fithian, 2 Gilman, 650; and McDonald v. Fithian, 1 Id. 269.

The bill alleges that the complainant immediately on discovering the fraud, prepared and tendered to the respective parties a quit-claim deed of the premises, and also an offer to reconvey to them.

The only evidence on which the position of appellees' counsel is based, respecting appellant's inability to restore what he received from appellees is, that upon cross-examination of complainant, the court permitted appellee's counsel, against the ob-

jection of complainant, and without any notice having been given to the latter to produce the written contracts, to ask the following questions : Did you ever sell or agree to sell or convey to any other person than Wm. M. Roe, any interest in said 100 feet, or in the contract or agreement under which the same was purchased by you ? Ans. Yes, sir. Ques. With whom did you make such contracts, and what were they ? Ans. With Robert M. Roe and Charles Roe. Ques. Were both of said contracts in writing ? Ans. Yes, sir. Ques. Have you the contracts in your possession or under your control ? Ans. Yes, sir; they are in the hands of Mr. Crane, my solicitor. Ques. Has the money the said Charles Roe and Robert M. Roe respectively agreed to pay under said contracts, been paid to you ? Ans. Yes, sir. Ques. Have you conveyed by deed to those persons, or to any one for them their interests ? Ans. No, sir.

There were other questions and answers upon the same subject, which were excluded by the court from the evidence, so it is not necessary to state them. The only evidence therefore, upon which the court below acted in finding as it did, and upon which appellee's counsel pretends to justify that finding, is that as above stated. So that the only question for us to determine is, whether there was any competent evidence to support the finding of the court upon the ground relied on by appellee's counsel.

By the Statute of Frauds, contracts for the sale of lands or any interest in them except an interest not to extend beyond the period of one year, are required to be in writing. It is not pretended that there was any evidence of possession by Charles and Robert Roe, or either of them. In order therefore to vest them or either of them with any interest in the land in question, it was necessary that there should have been a contract of sale in writing, or of which there was some memorandum in writing signed by complainant, or some agent authorized by him in writing to sign the same. If what was drawn out of complainant on cross-examination as above stated amounts to evidence of his having executed written contracts for the sale of the whole or a portion of the land in question to the Roes,

for a consideration which had been paid, then it is manifest that it was compelling such party on cross-examination and against his objections, to orally testify, not only to the fact of the execution of such contracts, but to a certain extent to their contents also, without having given him any notice to produce the writings, and when such matter was material to a point in issue in the cause.

If this was not competent and is the only evidence in the record, tending to show complainant's inability to place the defendants in *statu quo* in respect to the land in question, then it follows that the decree of the court below rests solely upon incompetent evidence, and is therefore erroneous. It is not claimed by appellee's counsel that there was any other evidence upon this subject, except that the appellant before suit commenced prepared and tendered to appellees respectively a quit-claim deed of the premises.

It is clear to us that the statute making parties competent witnesses (R. S. 1874 p. 488), places them in the same position where they are competent as any other witnesses; and the only rule of evidence which is thereby changed is, that if it be claimed that any such party to a suit offered as a witness has been convicted of any crime, the fact of such conviction may be proved by parol, without the production of the record, as impeaching evidence.

The foundation of the rule which would exclude parol evidence under the circumstances in this case, is to be found in the general rules of evidence, in which the writing stands higher in the scale than parol testimony; and when treaties are reduced into writing, such writing is taken to express the ultimate sense of the parties, and is to speak for itself. Indeed nothing is so familiar as this idea. At *nisi prius*, when an agreement is spoken of, the first question always asked is, whether the agreement is in writing. If so, there is an end of all parol evidence; for when parties express their meaning with solemnity this is very proper to be taken as their final sense of the agreement. In the case of a contract respecting land, this general idea receives weight from the circumstance that you cannot contract at all on that subject but in writing. Emery v. Mohler, 69 Ill. 226-7.

Oral evidence cannot be substituted for any instrument in writing (which is not merely the memorandum of some other fact) the existence of which instrument is disputed, and its production material to the issue between the parties, or to the credit of witnesses. One advantage derived from the application of this rule is, that the court acquires a knowledge of the whole contents of the instrument, which may have an effect very different from a statement of a part. 1 Phil. Ev. *575. See observations of Lord Tenterden, C. J., in Vincent v. Cole, Mood. & Malk. 257; Cross v. Bryant et al. 2 Scam. 36.

The above are general rules; but the more direct question with which we are concerned is, do these rules hold as to a cross-examination of a witness? Greenleaf has a statement of the doctrine in conformity with the general current of authorities. In speaking of a cross-examination, he says: " The counsel will not be permitted to represent in the statement of a question the contents of a letter, and to ask the witness whether he wrote a letter to any person with such contents, or contents to the like effect; without first having shown to the witness the letter, and having asked him whether he wrote that letter, and his admitting that he wrote it. For the contents of every written paper, according to the ordinary and well established rules of evidence, are to be proved by the paper itself, and by that alone, if it is in existence. " 1 Greenl'f Ev. Sec. 463; and again, in Sec. 465, he says: " A witness cannot be asked on cross-examination, whether he has written such a thing, stating its particular nature or purport, the proper course being to put the writing into his hands, and to ask whether it is his writing.

There is no doubt but these are the well established rules, as to the cross-examination of witnesses generally, as to the contents of any writing. And we are of the opinion that the same rules are applicable, when a party to a suit offers himself as a witness in his own behalf. And it was so held in Darby v. Ousley, 1 Hurlstone & N. 1. There the party without any notice having been given to him to produce a certain book, was asked the question, stating the particular nature or purport of the book, whether his name appeared in it. The

question was ruled out as incompetent. The barons of the Exchequer held it was properly ruled out. If a party who is made a competent witness under the statute can be compelled to testify on cross-examination to the contents of written instruments, without having been required by notice to produce them, the statute would, in many cases, prove a snare instead of a benefit to him.

If it be said that the testimony drawn out of complainant, falls short of testimony by parol of the contents of the writings, then it follows that the court below had no testimony competent or incompetent, on which to base its decree. For the error indicated, the decree of the court below will be reversed and the cause remanded for further proceedings; and complainant have leave to amend his bill in respect to the alleged contracts between him and said Charles and Robert M. Roe.

Reversed and remanded.